

**FILED**

MAY 28  2020

Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| JANE DOE, | Case: 1:20−cv−01411  JURY DEMAND |
| Plaintiff, | Assigned To : Boasberg, James E. |
| v. | Assign. Date : 5/28/2020 |
| WILLIAM P. BARR, | Description: Employ. Discrim. (H−DECK) |
| Defendant. | Chief Judge Beryl A. Howell |

JANE DOE,

              Plaintiff,

v.

WILLIAM P. BARR,

              Defendant.

Case: 1:20−cv−01411  JURY DEMAND
Assigned To : Boasberg, James E.
Assign. Date : 5/28/2020
Description: Employ. Discrim. (H−DECK)

Chief Judge Beryl A. Howell

## MEMORANDUM AND ORDER

Plaintiff, a retired FBI employee, Compl. ¶ 1, has moved to proceed under the pseudonym "Jane Doe," Pl.'s Mot. to Proceed Under Pseudonym ("Pl.'s Mot."), in her instant action alleging "she was discriminated against based on her sex, her age, and/or a combination of the two" during her employment.  For the reasons set forth below, the motion is granted, subject to any further consideration by the United States District Judge to whom this case is randomly assigned.[1]

### I.      BACKGROUND

In 1996, plaintiff began her career at the FBI as a Special Agent.  Compl. ¶ 16.  From 2008 to 2015, she served as Chief Division Counsel for the FBI's Washington Field Office.  *Id*. ¶ 18.  Plaintiff asserts that in early June 2014, she applied for two positions within the FBI's Office of General Counsel ("OGC"): Deputy General Counsel of OGC's Investigative Law & Legal Training Branch ("ILTB") and Deputy General Counsel of OGC's National Security Law Branch ("NSLB").  *Id*. ¶¶ 31–32.  In early November 2014, plaintiff was notified that she had been picked for the ILTB post.  *Id*. ¶ 39.  She started in the position in

---

[1] Under Local Civil Rule 40.7(f), the Chief Judge shall "hear and determine . . . motion[s] to file a pseudonymous complaint."  LCvR 40.7(f).

January of 2015.  *Id.* ¶ 50.  According to plaintiff, someone else was picked for the NSLB

position sometime in May of 2015.  *Id*. ¶ 46.  Plaintiff contends that around that same time,

James Baker, then the FBI's general counsel, decided to combine plaintiff's position with

another within OGC.  *Id*. ¶ 53.  Plaintiff was informed that her position was thus being

eliminated.  *Id*. ¶ 58.  She alleges she was removed as Deputy General Counsel and demoted

to Section Chief of the newly formed Investigative Law and Training Section.  *Id*. ¶ 60.

Plaintiff contends that her non-selection as Deputy General Counsel of NSLB and her

removal from her position as Deputy General Counsel of ILTB were based on her "sex, her

age, and/or a combination of the two."  *Id*. ¶¶ 86, 96.  She has thus brought this suit seeking

damages for these allegedly unlawful adverse employment actions.  *Id*. at 12–13.

## II.    LEGAL STANDARD

Generally, a complaint must state the names of the parties and address of the plaintiff.

FED. R. CIV. P. 10(a) ("The title of the complaint must name all the parties."); LCvR 5.1(c)(1)

("The first filing by or on behalf of a party shall have in the caption the name and full

residence address of the party," and "[f]ailure to provide the address information within 30

days of filing may result in the dismissal of the case against the defendant."); LCvR 11.1

(same requirement as LCvR 5.1(c)(1)).  The Federal Rules thus promote a "presumption in

favor of disclosure [of litigants' identities], which stems from the 'general public interest in

the openness of governmental processes,' . . . and, more specifically, from the tradition of

open judicial proceedings."  *In re Sealed Case*, 931 F.3d 92, 96 (D.C. Cir. 2019) (internal

citations omitted) (quoting *Wash. Legal Found. v. U.S. Sentencing Comm'n*, 89 F.3d 897, 899

(D.C. Cir. 1996)).  Accordingly, "parties to a lawsuit must typically openly identify

themselves in their pleadings," with "[b]asic fairness dictat[ing] that those among the

defendants' accusers who wish to participate . . . as individual party plaintiffs must do so under their real names." *United States v. Microsoft Corp.*, 56 F.3d 1448, 1463–64 (D.C. Cir. 1995) (per curiam) (internal quotation marks and citations omitted).

Nevertheless, courts have, in special circumstances, permitted a party to proceed anonymously. The D.C. Circuit has instructed that "the appropriate way to determine whether a litigant may proceed anonymously is to balance the litigant's legitimate interest in anonymity against countervailing interests in full disclosure." *In re Sealed Case*, 931 F.3d at 96. When weighing those concerns, five factors, initially drawn from *James v. Jacobson,* 6 F.3d 233, 238 (4th Cir. 1993), serve as "guideposts from which a court ought to begin its analysis." *In re Sealed Case*, 931 F.3d at 97. These five factors are:

> (1) whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of [a] sensitive and highly personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the requesting party or[,] even more critically, to innocent non-parties; (3) the ages of the persons whose privacy interests are sought to be protected; (4) whether the action is against a governmental or private party; and relatedly, (5) the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

*Id.* (citing *James*, 6 F.3d at 238).

At the same time, a court must not simply "engage in a wooden exercise of ticking the five boxes." *Id.* Rather, "district courts should take into account other factors relevant to the particular case under consideration." *Id.* (quoting *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 189–90 (2d Cir. 2008)). In exercising discretion "to grant the rare dispensation of anonymity . . . the court has 'a judicial duty to inquire into the circumstances of particular cases to determine whether the dispensation is warranted' . . . tak[ing] into account the risk of unfairness to the opposing party, as well the customary and constitutionally-embedded

presumption of openness in judicial proceedings." *Microsoft Corp.*, 56 F.3d at 1464 (quoting

*James*, 6 F.3d at 238 (other internal citations and quotation marks omitted)).

## III.  DISCUSSION

At this early stage of the litigation, this Court is persuaded that plaintiff has

demonstrated that a pseudonymous filing is warranted in this case.  Plaintiff explains that,

during her tenure at the FBI, she "served as an undercover and covert agent . . . for

approximately 8 years" in two separate major investigations.  Pl.'s Mem. of Points and Auth.

Supp. Pl.'s Mot. ("Pl.'s Mem") at 1.  She fears that association of her true name "with her real

identity as an FBI Special Agent would jeopardize her cover, and thus imperil" the

investigations in which she was involved.  *Id*.  Her request to proceed pseudonymously is thus

founded not on any desire to avoid "mere[] . . . annoyance [or] criticism," *Sealed Case*, 931

F.3d at 97, but out of concern for the FBI's ongoing law enforcement activities.  The first

factor thus weighs in her favor.  *Cf. Peary v. Goss*, 365 F. Supp. 2d 713, 716 n.1 (E.D. Va.

2005) (noting that plaintiff, a former CIA officer, "has adopted a pseudonym for the purpose

of this litigation to preserve CIA operational security").

While the Bureau's interests are the primary basis for her motion, she also notes that

disclosure of her identity as an FBI special agent could put her in danger.  She asserts the

target of one of her undercover operations was "a foreign government not friendly to the

United States" that "would not look favorably on anyone who participated in such an

investigation."  Pl.'s Mem. at 4–5.  Although plaintiff acknowledges that the risk of harm is

"remote," *id*., it nevertheless tips the second factor in favor of allowing her to proceed under

4

pseudonym, *Sealed Case*, 931 F.3d at 97 (favoring anonymity when "identification" of plaintiff poses a risk of "physical . . . harm").[2]

As to the nonmoving parties' interests, allowing the plaintiff to proceed under pseudonym will have no impact on any private rights, as the only defendant is a government officer sued in his official capacity.  The plaintiff's identity, moreover, will already be known to the government in connection with her FBI employment.  Allowing the plaintiff to proceed pseudonymously thus will not compromise the defendant's ability to defend this action and poses little "risk of unfairness to the opposing party." *Sealed Case*, 931 F.3d at 97.  Finally, any public interest in disclosing the identity of the plaintiff is significantly outweighed by the national security risk posed by potentially blowing plaintiff's cover.

In sum, weighed against the minimal apparent interest in disclosure, the plaintiff's significant interest in maintaining her anonymity at this early stage in the litigation is more than sufficient to overcome any general presumption in favor of open proceedings. *See Horowitz v. Peace Corps*, 428 F.3d 271, 278 (D.C. Cir. 2005) ("If there is no public interest in the disclosure of certain information, 'something, even a modest privacy interest, outweighs nothing every time.'"  (quoting *Nat'l Ass'n of Retired Fed. Emps. v. Horner*, 879 F.2d 873, 879 (D.C. Cir. 1989))).

## IV.    CONCLUSION AND ORDER

For the foregoing reasons, it is hereby

**ORDERED** that the plaintiff's Motion to Proceed Under Pseudonym is **GRANTED** subject to any further consideration by the United States District Judge to whom this case is

---

[2]    As plaintiff is an adult, the third factor, "the ages of the persons whose privacy interests are sought to be protected," does not favor allowing pseudonymous filing. *Sealed Case*, 931 F.3d at 97.

randomly assigned, and that plaintiff may proceed in this case using the pseudonym "Jane Doe"; it is further

**ORDERED** that plaintiff's motion and supporting exhibits, which include her true name, shall remain under seal until further order of the Court; and it is further

**ORDERED** that defendant is prohibited from publicly disclosing plaintiff's identity or any personal identifying information about plaintiff that could lead to her identification by nonparties, except for the purposes of investigating the allegations contained in the Complaint and for preparing an answer or other dispositive motion in response.

**SO ORDERED.**

Date: May 28, 2020

_____
BERYL A. HOWELL
Chief Judge