UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARCIANN GRZADZINSKI,<br><br>        Plaintiff,<br><br>    v.<br><br>MERRICK GARLAND<br>Attorney General,<br><br>        Defendant. | Civil Action No. 20-1411 (JEB) |

### DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTIONS IN *LIMINE*

In her motion in *limine*, Plaintiff seeks to exclude the testimony of Plaintiff's former psychologist, Dr. Tonya Fridy, and also testimony and evidence that James Baker participated in the selection of Trisha Anderson for a Deputy General Counsel position during the same time period that Plaintiff claims to have experienced gender discrimination by Baker. Plaintiff has not identified any evidentiary basis for excluding Dr. Fridy's testimony or evidence of Baker's favorable treatment of Anderson, both of which are highly relevant to Plaintiff's claims of gender discrimination and non-economic damages.

**I.     Dr. Fridy's Testimony Is Relevant To The Issue Of Non-Economic Damages.**

Plaintiff seeks to exclude the testimony of Dr. Tonya Fridy, a psychologist that Grzadzinski saw for therapy beginning in 2009 (if not earlier) through at least October 8, 2015. (Ex. 1 hereto, Fridy Dep. at 33). Plaintiff claims that it is "not disputed" that Grzadzinski did not discuss her work stresses with Dr. Fridy,[1] and that Defendant can question Grzadzinski about the pre-existing

---

[1] Defendant does not agree that this is "not disputed." Dr. Fridy testified that the focus of Plaintiff's therapy was personal issues, but that Plaintiff would frequently "vent" about work at the start of sessions prior to the events at issue in this case. The fact that Plaintiff would focus on

stresses that Grzadzinski claims was the focus of her therapy with Dr. Fridy. Accordingly, Plaintiff seems to contend that it would be cumulative to question Dr. Fridy about the subjects of her counseling with Plaintiff when Defendant can elicit that testimony from Plaintiff directly.

This argument, however, fails for several reasons. First, Defendant seeks to elicit from Dr. Fridy testimony that she had diagnosed Plaintiff with ▇▇▇▇▇▇▇▇ prior to any of the events at issue, as well as the basis for that diagnosis. (Ex. 1 hereto, Fridy Dep. at 32-33). Plaintiff, who is not a psychologist, cannot provide that testimony. Second, Defendant also plans to question Dr. Fridy about an October 8, 2015 Progress Note that Dr. Fridy wrote following a session with Grzadzinski during which Grzadzinski identified personal stressors in her life, including ▇▇▇▇▇▇▇▇, and also vented about work, including her alleged "demotion." (*Id*. at 64-65; ECF No. 40, Ex. 7) Dr. Fridy's diagnosis for that session was ▇▇▇▇▇▇▇▇, but not ▇▇▇▇▇▇▇▇, thus undermining Plaintiff's claim of emotional distress with respect to the alleged "demotion." (Fridy Dep. at 72-73, 75-76).

Dr. Fridy also testified that, if Grzadzinkski "needed some more assistance with ▇▇▇▇▇▇▇▇, I would expect her to contact me" following the October 8, 2015 session. (*Id*. at 64) Dr. Fridy, however, was not sure whether Grzadzinski ever reached out again (*id*. at 26-28 and 62-64), whereas Grzadzinski testified that she did not reach back out to Dr. Fridy. (Ex. 2 hereto, Grzadzinski Dep. at 157-58) Dr. Fridy's testimony that she would expect Grzadzinski to contact her after the October 8, 2015 session if she was experiencing ▇▇▇▇▇▇▇▇, combined with Grzadzinski's testimony that she never

---

personal issues, and not the work stress that she raised with Dr. Fridy, is evidence that pre-existing personal issues were the cause of any distress Plaintiff claims to have experienced with respect to the employment actions at issue.

did so, is directly relevant to Grzadzinski's claim that her removal from the Senior Executive Service later that year caused her emotional distress and the extent of that alleged distress. For all of these reasons, Plaintiff has no basis to exclude Dr. Fridy's testimony.[2]

## II. Testimony And Evidence Regarding Baker's Selection of Anderson Is Relevant To Plaintiff's Remaining Claims Of Discrimination.

Plaintiff seeks to exclude evidence and testimony (including of Trisha Anderson and presumably James Baker) regarding Baker's role in selecting Anderson to the Deputy General Counsel position for the National Security Law Branch. The record establishes that in December 2014, Anderson was asked by Baker's Chief of Staff to submit a resume for this position. Baker supported the hiring of Anderson and her selection was announced in May 2015. Anderson replaced Richard McNally, who had held the position in an acting capacity for approximately two years. (ECF No. 27-3, Grzadzinski Dep. at 190:20-191:1) Grzadzinski testified at her deposition that she believed McNally was qualified to hold the position on a permanent basis and that he was treated unfairly in being passed over for the role. (*Id.* at 190:20 to 191:13). Grzadzinski, who began in her Deputy General Counsel position in January 2015, contends that Baker began to discriminate against her because of gender in March 2015, when he first criticized her performance (ECF No. 39-2, Grzadzinski Dep. at 92), the same time that Baker was supporting Anderson's candidacy.

Although the Court granted summary judgment to Defendant on Plaintiff's claim that she was discriminated against when she was not selected for the Deputy General Counsel National

---

[2] Defendant has moved in its motion in *limine* to exclude Plaintiff's claim for non-economic damages, as well as her claim to recover certain medical expenses and used leave. Defendant's opposition to exclude Dr. Fridy's testimony is contingent on the outcome of that aspect of Defendant's motion. If the Court were to exclude Plaintiff's non-economic damages claim, then Dr. Fridy's testimony might not be necessary. Dr. Fridy also has relevant testimony regarding the issue of spoliation, which also was addressed in Defendant's motion.

Security Law Branch position, that does not render testimony and evidence of Baker's favorable treatment of Anderson inadmissible. Plaintiff, for instance, seems to acknowledge that Baker's efforts to interview her for the Deputy General Counsel position and his ultimate recommendation of her for the position of Deputy General Counsel of the Investigative Law and Legal Training branch is admissible. *Waterhouse v. District of Columbia,* 298 F.3d 989, 996 (D.C. Cir. 2002) (alleged evidence of pretext "seriously undercut" by favorable treatment by decisionmaker); *Vatel v. Alliance of Auto. Mfrs.,* 627 F.3d 1245, 1247 (D.C. Cir. 2011) (prior favorable treatment by same decisionmaker creates a "significant hurdle" for plaintiff).

For the same reason, testimony (from Anderson and Baker) about Baker's selection of Anderson during the same time period, which resulted in Anderson replacing a male employee, also is evidence negating Plaintiff's contention that Baker harbored animus towards women. This highly relevant evidence should be admitted. *Elion v. Jackson*, 544 F. Supp. 2d 1, 8 (D.D.C. 2008) ("'Me too' evidence of an employer's past *non*-discriminatory . . . behavior may be relevant as well because 'an employer's favorable treatment of other members of a protected class can create an inference that the employer lacks discriminatory intent.'"). The exhibits that identify when this position was announced and filled by Anderson are relevant because they establish that Baker's favorable treatment of Anderson occurred during the same time that Grzadzinski claims to have experienced gender discrimination by Baker.

Contrary to Plaintiff's argument, Defendant's position is not inconsistent with its argument to exclude Plaintiff's claim that she was discriminated against by the selection of Anderson, a claim for which summary judgment has been granted in favor of the Defendant. This Court has held that Plaintiff has not stated a cognizable claim of discrimination based on Anderson's selection. (ECF No. 34, Mem. Op. at 8-12). Consequently, Plaintiff has no basis to characterize that selection as discriminatory. For her to do so would be highly prejudicial and could confuse

the jury, creating the risk that it would base a verdict of discrimination on a claim that the Court has dismissed.

Plaintiff also should not be permitted an opportunity to "add exhibits and witnesses to her proposed list to confront the evidence on Claim 1." (Pl. Mot. at 4). Plaintiff has not identified what "exhibits and witnesses" she would add, or how they would be relevant. If it is Plaintiff's intention to suggest that Anderson's hiring was somehow improper, that is not an issue that is relevant to the claims of gender discrimination remaining in this case.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion in *limine* should be denied.

Respectfully submitted,

MATTHEW M. GRAVES, D.C. BAR #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

By:_____/s/_____
JEREMY S. SIMON, D.C. BAR No. 447956
Assistant United States Attorneys
JIMMY S. MCBIRNEY
MICHAEL YOHANNAN
ROBIN GRIEF
Special Assistant United States Attorneys
601 D Street, N.W.
Washington, D.C. 20530
Tel: (202) 252-2528
Jeremy.Simon@usdoj.gov

*Counsel for the United States of America*